```
       IN THE UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF MONTANA
                MISSOULA DIVISION
```
_____

KERMIT TY POULSON,
                                CAUSE NO. CV 08-76-M-DWM-JCL
            Plaintiff,
                                ORDER, and
       vs.                      FINDINGS AND RECOMMENDATION
                                OF U.S. MAGISTRATE JUDGE
MONTANA WORK FORCE SERVICE,

            Defendant.
_____

## I.  INTRODUCTION AND *IN FORMA PAUPERIS* APPLICATION

Plaintiff Kermit Poulson has filed a Complaint together with a request to proceed *in forma pauperis*. Poulson submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears Plaintiff lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed In Forma Pauperis is **GRANTED.** This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file the Complaint as of the filing date of Plaintiff's request to proceed *in forma pauperis.*

The federal statute under which leave to proceed in forma pauperis is permitted also requires the Court to conduct a

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 1

preliminary screening of the allegations set forth in the Complaint.  The statute states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
>> (A) the allegation of poverty is untrue; or
>>
>> (B) the action or appeal–
>>
>>> (i) is frivolous or malicious;
>>>
>>> (ii) fails to state a claim on which relief may be granted; or
>>>
>>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  Accordingly, the Court will review Plaintiff's Complaint to consider whether it can survive dismissal under these provisions.  *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II.  PLAINTIFF'S ALLEGATIONS

Poulson filed his Complaint on May 23, 2008, alleging the Defendant Montana Work Force Service improperly denied him access to, or the use of email services while at Defendant's facility.  Poulson asserts he was attempting to send a work-related email when some unidentified individual at Defendant's facility "harassed" him, informed Poulson that his emailing activity was not work-related, and that Poulson was wasting taxpayer money.  Poulson alleges Defendant "let a man pull me in their chair", and that the man called Poulson a drunk.  Poulson's Complaint at 4.

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 2

He alleges Defendant saw the man "grab personal property", steal Poulson's card, and push Poulson outside.  *Id*.  Poulson states he spoke to the police and wanted to press criminal charges, but that he was not allowed to do so.

Poulson alleges he suffered injuries from the alleged incident, and that he is entitled to monetary and other relief.  He alleges he was publically humiliated, that he suffered injuries when the unidentified man pulled on him in the chair, and that he suffered injury to his dignity.  Poulson alleges he has a right to use the computer for emailing "because of ADA[,]" and he alleges that he is "disabled because of PTSD".  Poulson's Complaint at 5.  Poulson states he would rather work than be harassed or hurt.  For his relief he requests up to $1,000,000 in compensatory damages, and a written apology for not being allowed to do non-profit work.  Poulson also requests an amendment to the term "work" to include "disabled sponsored athletes as 'workers'".  *Id*.  Poulson further requests that people respect others' differences.

## III.  DISCUSSION

Because Poulson is proceeding *pro se* the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).  Although the Court has

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 3

authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Affording Poulson's pleading liberal construction, it is apparent that the Defendant "Montana Work Force Service" Poulson names in his Complaint is actually the Missoula Job Service Workforce Center which is an agency of the Montana Department of Labor & Industry.  Therefore, the Court construes Poulson's Complaint to assert a legal claim under 42 U.S.C. § 1983 which is a vehicle through which a plaintiff may assert federal claims against a state actor as follows:

> To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a **person** acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.

*Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989) (emphasis added).  Poulson's potential claim under 42 U.S.C. § 1983, however, is defective because § 1983 requires that the defendant must be a "person" acting under color of state law, and neither the State of Montana nor its agencies are "persons" within the meaning of § 1983.  *Will v. Michigan Dept. of State Police*, 491

U.S. 58, 71 (1989).  Consequently, Poulson's allegations under § 1983 against Montana Work Force Service, a state agency, fail to satisfy the requirements for a § 1983 claim, and thus fail to state a claim on which relief may be granted.

The Court recognizes Poulson could cure the defect in his § 1983 claim through an amendment to his pleading.  The Court could grant Poulson an opportunity to amend his Complaint to identify an individual person acting under color of state law who allegedly violated his federal rights which could satisfy the requirements under § 1983.  For the reasons detailed below, however, the Court concludes that such an amendment would still not be sufficient to state a claim for relief under the circumstances of Poulson's factual allegations.

Poulson refers to his alleged disabilities and to the "ADA" in the allegations of his Complaint.  Therefore, with liberal construction the Court finds Poulson's allegations could potentially assert a claim for relief under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., which Poulson could advance against a "person" pursuant to § 1983.

The ADA prohibits discrimination against a disabled individual on the basis of such disability.  Relative to the circumstances of this case the ADA provides as follows:

> No individual shall be discriminated against **on the basis of disability** in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or

>     accommodations of any place of public accommodation by any
>     person who owns, leases (or leases to), or operates a place
>     of public accommodation.

42 U.S.C. § 12182(a) (emphasis added). An individual alleging discrimination under § 12182(a) must allege and establish that:

>     (1) he is disabled as that term is defined by the ADA; (2)
>     the defendant is a private entity that owns, leases, or
>     operates a place of public accommodation; (3) the defendant
>     employed a discriminatory policy or practice; and (4) **the
>     defendant discriminated against the plaintiff based upon the
>     plaintiff's disability by** (a) failing to make a requested
>     reasonable modification that was (b) necessary to
>     accommodate the plaintiff's disability.

*Fortyune v. American Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004) (emphasis added). Accordingly, a viable claim under 42 U.S.C. § 12182(a) necessarily requires proof that the alleged discriminatory conduct was "on the basis of" the plaintiff's disability; there must be a causal connection between the alleged discrimination and the plaintiff's alleged disability. *Bowers v. National Collegiate Athletic Association, Act, Inc.*, 118 F. Supp. 2d 494, 517 (D.N.J. 2000).

Upon review of Poulson's Complaint the Court finds it does not contain any allegations, or any suggestion that any of Defendant's alleged acts or omissions, or the acts of any individual person acting under color of state law, were committed on the basis of Poulson's alleged disabilities, or because he is disabled. Rather, by Poulson's own allegations the incidents alleged in his Complaint occurred because some unidentified

individual believed Poulson was improperly using email services at Defendant's facility for non work-related purposes, not because Poulson was disabled.  Poulson merely alleges the described incidents occurred, and that by coincidence he also happens to be disabled.  By the express language of 42 U.S.C. § 12182(a) a defendant cannot be liable under the ADA if there are no allegations that the defendant discriminated against the plaintiff on the basis of the plaintiff's disabilities.  Therefore, Poulson fails to state a claim for relief under the ADA.

Under the circumstances of Poulson's factual allegations, the Court also finds this defect in his ADA claim could not be cured by the allegation of other facts.  Poulson's pleading establishes that Defendant's alleged conduct, or the conduct of any individual acting under color of state law, was committed for reasons other than Poulson's alleged disabilities.

With liberal construction the Court could also construe Poulson's Complaint as asserting a discrimination claim under the Montana Human Rights Act (MHRA), Mont. Code. Ann. § 49-2-101 et seq.  Pursuant to the MHRA, it is unlawful "for the state or any of its political subdivisions [...] to refuse, withhold from, or deny to a person any [...] services, [...] facilities, advantages, or privileges **because of** [...] physical or mental disability[.]"  Mont. Code Ann. § 49-2-308(1)(a) (emphasis

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 7

added). As stated above, however, Poulson's pleading does not allege Defendant, a state agency, committed any discriminatory act prohibited under the MHRA. Poulson does not allege Defendant acted "because of" Poulson's disabilities. Rather, Poulson alleges Defendant's actions were because of Poulson's non work-related emailing activities. Therefore, Poulson's MHRA claim is subject to dismissal.

To the extent Poulson's Complaint could be construed as advancing any other legal claim for relief, the Court concludes there is no basis for jurisdiction over any surviving aspect of this lawsuit. First, Poulson's Complaint must set forth sufficient allegations to invoke the jurisdiction of this Court. Fed. R. Civ. P. 8(a)(1).

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]... It is to be presumed that a cause lies outside this limited jurisdiction,... and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]

*Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted). Plaintiff bears the burden of proof for establishing jurisdiction. *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). A district court may dismiss an action sua sponte whenever it appears that jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3); *Fiedler v. Clark*, 714 F.2d 77, 78-9 (9th Cir. 1983).

A federal court's jurisdiction is generally limited to cases involving diversity of citizenship under 28 U.S.C. § 1332, a federal question under 28 U.S.C. § 1331, or cases in which the U.S. is a party as provided in 28 U.S.C. §§ 1345 and 1346.

The Court finds there is no basis for federal question jurisdiction over this case under 28 U.S.C. § 1331.  Other than Poulson's potential, but defective, ADA claim discussed above, the Court finds his allegations do not state any other claim under federal law for which relief could be granted.

The Court also finds diversity of citizenship jurisdiction does not exist in this case.  Even assuming that Poulson and the Montana Work Force Service, or any potential unnamed individual defendant referenced in Poulson's allegations, are deemed citizens of different states, and assuming Poulson has pled some viable cause of action under Montana law, Poulson has failed to establish that the amount in controversy in this case exceeds $75,000 as required by 28 U.S.C. § 1332 to establish federal diversity jurisdiction.

"Generally, the amount in controversy is determined from the face of the pleadings[,]" as long as the sum claimed by the plaintiff is made in good faith.  *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000).  If it appears to the Court to a legal certainty that the amount of the claim is really less than the jurisdictional amount, then the Court has

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 9

authority to dismiss the case for lack of jurisdiction. *Id*. *See also Kelly v. Fleetwood Enterprises, Inc.*, 377 F.3d 1034, 1037 (9th Cir. 2004).

Although Poulson requests up to $1 million in damages, he has failed to set forth "a short and plain statement of the claim showing that [he] is entitled to the relief" requested as required by Fed. R. Civ. P. 8(a)(2). There are absolutely no factual allegations in Poulson's Complaint supporting a claim of damages in the amount of $1 million. Other than an allegation of pain that Poulson suffered during the alleged incident, Poulson does not allege he suffered any physical injuries, and the balance of his alleged damages are due to intangible injuries to his dignity. Therefore, Poulson's claim for damages is not made in good faith.

Consequently, the Court concludes to a legal certainty that the amount in controversy in this case, stemming from a dispute over Poulson's use of computer email services, is less than the $75,000 jurisdictional amount. Therefore, the Court lacks diversity of citizenship jurisdiction over this case, and it should be dismissed.

Poulson's Complaint does not provide any other basis for federal jurisdiction over this action. Therefore, based on the foregoing, the Court hereby enters the following:

**RECOMMENDATION**

Plaintiff's Complaint should be **DISMISSED** for failure to state a claim on which relief could be granted, and for lack of jurisdiction.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this 1st day of July, 2008.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge