
FILED
AUG 0 1 2008
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| KERMIT TY POULSON, | ) | CV 08-76-M-DWM-JCL |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| MONTANA WORK FORCE SERVICE, | ) | |
| Defendant. | ) | |

Plaintiff Poulson has filed a Complaint under 42 U.S.C. § 1983 seeking relief stemming from an incident in which he was allegedly denied access to a computer at the Missoula Job Service Workforce Center. Poulson alleges that he is disabled due to post-traumatic stress disorder.

United States Magistrate Judge Jeremiah C. Lynch conducted preliminary screening of the Complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and

-1-

identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Lynch liberally construed the Complaint to allege potential claims for discrimination under the Americans with Disabilities Act ("ADA"), the Montana Human Rights Act ("MHRA"), and possibly state law civil claims. Having so characterized the Plaintiff's claims, Judge Lynch issued Findings and Recommendations in which he recommends dismissal of the Complaint with prejudice for failure to state a claim upon which relief can be granted and for lack of jurisdiction. Judge Lynch explained that both the ADA and the MHRA require that the claimant suffer discrimination based on the claimant's alleged disability. In this case, Plaintiff Poulson alleges that the Defendant denied him access to the computer because the Defendant believed he was using the machine for purposes not related to work. Because there is no allegation of discrimination based on the Plaintiff's claimed disability, Judge Lynch concludes that the discrimination claims must fail.

With regard to any possible state law tort claim that may be alleged in the Complaint, Judge Lynch determined that this Court does not have subject matter jurisdiction because there is no federal question presented and the parties are not alleged to be diverse for purposes of 28 U.S.C. § 1332. Judge Lynch also concludes to a "legal certainty" that the amount in controversy does not meet the jurisdictional requirement of $75,000.

Plaintiff Poulson did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. <u>McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.</u>, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." <u>United States v. Syrax</u>, 235 F.3d 422, 427 (9th Cir. 2000). I can find no clear error with Judge Lynch's Findings and Recommendations and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Complaint is DISMISSED for failure to state a claim upon which relief can be granted, and for lack of subject matter jurisdiction.

DATED this 1st day of August, 2008.

Donald W. Molloy, District Judge
United States District Court